# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**KAYLA D LOYD**                                           **CASE NO.  3:22-CV-05809**

**VERSUS**                                                      **JUDGE EDWARDS**

**CITY OF RUSTON ET AL**                      **MAG. JUDGE KAYLA D. MCCLUSKY**

## JURY INSTRUCTIONS

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have

heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Plaintiff Officer Kayla Loyd has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Officer Kayla Loyd has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of

the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses on either side, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The following facts are stipulated by the parties and require no proof:

1. Plaintiff Kayla Loyd served in the United States Army from 2006 through 2010.
2. In 2020, Plaintiff Kayla Loyd received a Bachelor of Arts Degree in Criminal Justice from Northwestern State University.

3. In 2022, Plaintiff Officer Kayla Loyd received a BA in Liberal Arts, with a concentration in paralegal and prelaw studies from NSU.

4. Steven J. Rogers is currently Chief of Police for the Ruston Police Department ("RPD") and has served in that capacity since November 30, 2007.

5. All sworn Police Officers at the RPD hold classified, civil service positions, which fall under Louisiana civil service law, La. Rev. Stat. § 3:2471, et seq.

6. At the RPD, the civil service classes of sworn Police Officers are and progress as follows: Patrol Officer, Sergeant, Lieutenant, Deputy Chief, and Chief.

7. On 6/13/11, Chief Rogers hired Plaintiff Officer Kayla Loyd as a Police Communication Officer.

8. After completing a one (1) year probationary working test period as a Police Communication Officer, Chief Rogers recommended Plaintiff Officer Kayla Loyd be classified as a Permanent Communications Officer.

9. Plaintiff Officer Kayla Loyd applied for Sergeant, passed the civil service examination, and was promoted to probationary Sergeant on April 22, 2020.

10. After passing her one-year probationary period, Plaintiff Officer Kayla Loyd became a permanent Sergeant on April 22, 2021.

11. Aside from civil service positions, there are other Divisions and Special Assignments at the RPD.

12. Chief Rogers has sole authority and discretion in transferring and assigning police officers to any other Divisions or Special Assignments.

13. At the RPD, there is absolutely no testing or any other type of selection process, such as interview panels or ranking of interviewees required for transfer to the CID, none.

14. At the RPD, there are no minimum qualifications for transfer into the CID.

15. Chief Rogers has sole discretion in transferring police officers to the RPD's CID.

16. The Plaintiff Kayla Loyd's medical records do not evidence any diagnosis for mental anguish or emotional distress as a result of the claims.

Certain charts and testimony have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

Plaintiff Officer Kayla Loyd claims that she was discriminated against in her employment because of her sex when she was not transferred to the Ruston Police Department's CID. Defendant City of Ruston denies Plaintiff Officer Kayla Loyd's claim and contends that she was not transferred to CID based on legitimate nondiscriminatory reasons: lack of trust; lack of

communication; cannot take constructive criticism; does not follow orders; poor report writing; will not take responsibility; blames others; fails to follow chain of command; and not a team player.

It is unlawful for an employer to discriminate against an employee because of the employee's sex.  An employer may, however, deny an employee's request to be transferred for other reasons, good or bad, fair or unfair. To prove unlawful discrimination, Plaintiff must prove the following by a preponderance of the evidence:

1. That the decision not to transfer Plaintiff to CID was an adverse employment action.

    The denial of a transfer may be the objective equivalent of the denial of a promotion, and thus qualify as an adverse employment action, even if the new position would not have entailed an increase in pay or other tangible benefits. If the position sought was objectively better, then the failure to award the position to the plaintiff can constitute an adverse employment action.

    In determining whether the new position is objectively better, a number of factors may be relevant, including whether the position: entails an increase in compensation or other tangible benefits; provides greater responsibility or better job duties; provides greater opportunities for career advancement; requires greater skill, education, or experience; is obtained through a complex competitive selection process; or is otherwise objectively more prestigious.

    This is an objective inquiry; the employee's subjective impressions as to the desirability of the new position is not sufficient to render the position a promotion.

2. The Plaintiff must also prove that Plaintiff's sex was a motivating factor for Defendant's action.  Plaintiff does not have to prove that unlawful discrimination was the only reason Defendant failed to transfer Plaintiff to CID.

6

If you find that the reasons Defendant has given for its decision not to transfer Plaintiff to CID, good or bad, fair or unfair, are unworthy of belief, you may, but are not required to, infer that Defendant's failure to transfer Plaintiff to CID was motivated by Plaintiff's sex.

If you find that Plaintiff Officer Kayla Loyd has proven by a preponderance of the evidence that a transfer to the CID is an adverse employment action, and that Plaintiff Officer Kayla Loyd was denied that transfer because of her sex in violation of Title VII, then you must determine whether defendant's denial of the transfer caused Plaintiff Officer Kayla Loyd damages, and if so, the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Officer Kayla Loyd has proven liability, or whether Plaintiff Officer Kayla Loyd should, or should not, win this case.

It is your task first to decide whether Defendant City of Ruston is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant City of Ruston is liable and that Plaintiff Officer Kayla Loyd is entitled to recover money from the Defendant City of Ruston for damages resulting from the Defendant City of Ruston's failure to transfer Plaintiff Officer Kayla Loyd to the CID.

Plaintiff Officer Kayla Loyd must prove her damages by a preponderance of the evidence. Any award you make must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Officer Kayla Loyd need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Officer Kayla Loyd would have earned in her employment with

Defendant City of Ruston from March of 2022, when Ruston Police Department Officer Arthur Eleam was transferred to the CID instead of Plaintiff Officer Kayla Loyd, through November of 2024 when Plaintiff Officer Kayla Loyd was promoted to the rank of Lieutenant, and would have been transferred out of the CID; and (2) the amount of compensatory damages sustained by Plaintiff Officer Kayla Loyd that are supported by the evidence, such as inconvenience, mental anguish, loss of enjoyment of life, and other non-economic losses.

The evidence in this case shows there was no increase in compensation for any police officer transferred to the CID; therefore, in determining the amount of any back pay award to Plaintiff Officer Kayla Loyd, you can only consider the monetary value of tangible benefits that Plaintiff Officer Kayla Loyd would have received if she had been transferred to the CID. Those tangible benefits are a $600 yearly clothing allowance, and a paid City cell phone.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have not been allowed to take notes during this trial. You must rely on your memory.

When you go into the jury room to deliberate, you may take with you a copy of this charge and the exhibits that I have admitted into evidence. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date

it. Now, I will go through the verdict form with you. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.